## McLIN *vs.* WILLIAMS.

Plaintiff in trover recovered. Pending the action the property was sold under fi. fas. in favor of creditors of the defendant in trover. *Held,* That the sale was without authority and void ; and, therefore, that neither those creditors nor the plaintiff in trover was entitled to the money raised from the sale.

Motion to distribute money, in Terrell Superior Court. Decision by Judge KIDDOO, at May adjourned Term, 1859.

Robert McLin instituted his action of trover against Matthew E. Williams, for the recovery of a negro woman and child, alleged to be the property of McLin. Pending this suit, the sheriff of Terrell county, by virtue of sundry fi. fas. against Williams, amongst other property, levied upon the negroes sued for in the trover suit and sold them. They were sold for $925. At the May term, 1859, of Terrell Superior Court, the trover action was tried and McLin obtained a verdict against Williams for $1,557 50. At the same term of the court, and after verdict in the trover case, McLin moved that the sum of nine hundred and twenty-five dollars, the amount in the hands of the sheriff arising from the sale of said negroes, Charlotte and her child Pete, be paid over by the sheriff to plaintifi's (McLin's) attorney. The court overruled the motion, holding that the negroes being sold prior to the recovery in the action of trover, plaintiff was not entitled to the proceeds of said sale, but the same belonged to the older judgments against Williams. To which decision McLin excepted, and assigns error thereon.

W. A. HAWKINS, for plaintiff in error.

WEST, BARON & DAVIS, and DOUGLASS & DOUGLASS, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

The questions are two : Were the creditors of the defendant in trover entitled to the money ? or was the plaintiff in trover entitled to it? The court held that the creditors were entitled to it. We think that neither they nor the plaintiff in trover was entitled to it.

The second section of the act of 1830, " to prevent personal property, which is the subject of an action of trespass or trover, from vesting in the defendant," &c., is as follows: " No judgment obtained against the said defendant, to such an action of trespass or trover, prior in point of time to the said judgment so obtained by the said plaintiff in such action of trespass or trover, shall have any lien or binding force on the said property which is the subject matter of such action of trespass or trover, until after the damages and costs recovered by such verdict, and judgment of the plaintiff in such action of trespass or trover, are first paid off and discharged."—Cobb's Dig., 500.

A judgment that has " no lien or binding force " on a piece of property, is the same as a void judgment, so far as that piece of property is concerned; and the fi. fa. issued on that judgment is, consequently, the same as a void fi. fa., so far as that piece of property is concerned. That fi. fa., therefore, cannot give any authority to the sheriff to sell that piece of property; and if he still sells it under the fi. fa. the sale is merely void, amounting to no more than it would amount to if no such fi. fa. existed. These things being so, it cannot be that the plaintiff in the judgment and fi. fa. can be entitled to the money arising from the sale.

We think, then, that the court below erred in holding that the general judgment creditors of the defendant in trover were entitled to the money raised from the sale of the negroes, " the subject matter " of the action of trover.

Was the plaintiff in trover entitled to the money? Clearly not. His recovery shows that the property sued for was his, and his judgment did not "change the property," or "vest the same," "in the defendant," "except so far as to subject the said property to be sold under and by virtue of an execution" his "judgment."—Cobb, 499. His rights, then, are all against the negroes; he cannot have negroes and money too. He does not offer to waive his rights against the negroes.

What then is to become of the money? That is a question not in the case. I will say, however, that I suppose it to be a question which concerns only the sheriff and the purchaser of the negroes. They have both been guilty of a wrongful conversion of the negroes, which, as the recovery in the trover action shows, belong to the plaintiff in trover. They are both, then, liable to him in trover for the negroes. Besides, the negroes are subject to the judgment in trover. The sheriff, therefore, or the purchaser—one or the other—will have to respond for the negroes to the plaintiff in trover. It would seem, then, but the dictate of justice and equity, that of the two, he that shall be the one so to respond, shall also be the one to take the money.

Judgment reversed.